PEOPLE *v.* BROWN.

1. CRIMINAL LAW—BURGLARY—EVIDENCE.

   In prosecution of three defendants on charge of breaking and entering an office in the nighttime with intent to commit the crime of larceny, evidence as to identity and corroborative testimony was sufficient to establish guilt beyond any possible doubt (Act No. 328, § 110, Pub. Acts 1931).

2. SAME—FAILURE OF ONE OF THREE DEFENDANTS TO TAKE STAND—PRESUMPTIONS—INSTRUCTIONS.

   In prosecution of three defendants on charge of breaking and entering an office in the nighttime with intent to commit the crime of larceny, one defendant who did not take the witness stand may not predicate error on court's failure to charge jury that his failure to testify did not raise a presumption of guilt where record fails to show a request to charge in such respect was given and charge, as given, did state that defendants started out with a presumption of innocence and the fact that one of them did not take the stand should not be considered by jury (Act No. 328, § 110, Pub. Acts 1931).

Appeal from Recorder's Court for City of Detroit; Van Zile (Donald), J. Submitted April 13, 1944. (Docket No. 60, Calendar No. 42,237.) Decided May 17, 1944.

Herbert Brown, Dennis Derryberry, and Carl Fitzpatrick were convicted of breaking and entering in the nighttime with intent to commit larceny. Affirmed.

*Frank A. Ruddy,* for appellant.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *William E. Dowling,* Prosecuting Attorney, and *Henrietta E. Rosenthal,* Assistant Prosecuting Attorney, for people.

North, C. J.   Appellants Herbert Brown, Dennis Derryberry, and Carl Fitzpatrick on trial by jury were convicted of breaking and entering in the nighttime the office of the McCurdy Coal Company in Detroit, with intent to commit the crime of larceny. *   The undisputed evidence shows that the doors and windows of the coal company's office were locked between 8 and 9 p. m. on the night of the burglary.   Between 1 and 2 o'clock of that night, in response to an alarm, a police scout car went to the coal company's office.   Police officers upon their arrival saw through windows and a glass in the door three men inside the building.   With the use of burglar tools one of two safes in the office had already been opened and two of the three burglars were seen crouched in front of the other safe apparently attempting to open it.   The third man was also observed.   The three men escaped from the building, but defendant Fitzpatrick was apprehended by a police officer only a short distance from where the offense was committed.   The other two defendants were arrested about 10 o'clock. the following forenoon.   Upon being searched one was found to have on his person $75 and the other $78, each of these amounts being substantially one-third of the money taken from the burglarized safe.

The first question raised by appellants is: "Was the testimony unconvincing?"—evidently meaning was the testimony insufficient to establish guilt of each of the defendants beyond a reasonable doubt.

---

* See Act No. 328, § 110, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115–110, Stat. Ann. § 28.305).—Reporter.

This phase of the appeal involves appellants' contention, among other things, that the identification of each of appellants was of little, if any, probative force; and without such identification the testimony was insufficient to sustain the conviction. The above contention on the part of appellants is not in accord with the record which shows the contrary. Police officer Slack testified:

"I saw one man I am able to identify, defendant Brown. I saw him in the small office on the American street side, as he ran past the window. * * * I identify him now as that man, positively."

Police officer St. Denis relative to the other two defendants testified:

"I got out (of the police car) first and ran down to the front door. I saw two men. I identify defendants Derryberry and Fitzpatrick. They were crouched down by the safe. There were two safes in the rear of the office. I first saw them through (the glass in) the door. I tried the door. By that time, they got up, starting towards me running towards another door which led into the office. * * * I recognized the two men that were running towards the door at the back of the building. I am positive. I identified them in the office the next day."

Notwithstanding appellants' contention to the contrary, the record does not disclose that the physical situation was such relative to doors, windows, et cetera, as rendered impossible the identification testified to by the police officers. Further, there is an abundance of corroborative testimony in this record which establishes the fact beyond any possible doubt that these defendants are guilty.

In behalf of defendant Derryberry, who did not take the witness stand, error is asserted in that the court did not give a claimed request to charge the

jury to the effect that this defendant's failure to testify does not raise a presumption of his guilt. As noted in appellants' brief: ''The record fails to show'' such a request was presented. On appeal the record is controlling, and since it fails to show that the alleged request was presented to the court, error cannot be assigned on failure to charge accordingly. Further, it may be noted that the trial judge in his charge to the jury referred to this phase of the law as follows:

''The defendants started out in this case with a presumption of innocence.   *   *   *   And that fact that one of the defendants in this case therefore did not take the stand, should not be considered by you in any way in arriving at your verdict.''

Other alleged errors assigned in support of this appeal have been carefully considered and found to be without merit.   The conviction and sentence of the defendants are affirmed; and the case remanded for execution of sentence.

STARR, WIEST, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.